HENRY GATES, APPELLANT, *v.* LEVI G. HENDRICK, RESPONDENT.

*Contract to clear land — within what time it must be cleared.*

In an action brought to recover damages for the non-performance of a written contract to clear five acres of land, and for the loss of the use of such land, it appeared that the contract, which was for the sale by the defendant Hendrick to the plaintiff Gates of four acres of land, was dated August 14, 1882, and provided as follows: "Gates further agrees to lease the said land bought of Hendrick, together with that he now owns which is cleared, or Hendrick may clear, lying to the north of the same, being part of twenty-five acres, for four years from April first next, at forty dollars per annum, payable annually. Hendrick is to pay also all taxes assessed against said land. Said Hendrick also agrees to clear five acres adjoining the land now cleared."

*Held,* that the defendant had four years from the 1st day of April, 1883, in which to perform his part of the agreement for the ·clearing of the five acres of land, for the alleged failure to perform which this action was brought.

APPEAL by the plaintiff, from a judgment entered in Wayne county, September 1, 1888, on the report of a referee dismissing the plaintiff's complaint.

*Jacob B. Decker,* for the appellant.

*Brink & Joiner,* for the respondent.

MACOMBER, J.:

This action was brought to recover for the non-performance of a written contract to clear five acres of land, and for the loss of the use of such land.

The answer sets up the defense that the action was prematurely brought. It was begun on the 25th day of January, 1887. The contract was dated the 14th day of August, 1882, and provided that the defendant should sell a part of the south fifty acres of land, on which he then resided, lying north of the highway, being about four acres of land, for which the plaintiff was to pay him $100 per acre. After certain other provisions not necessary to mention in detail the contract provides: "Gates further agrees to lease the said land bought of Hendrick, together with that he now owns, which is cleared, or Hendrick may clear lying to the north of the same, being part of twenty-five acres, for four years from April first next

at forty dollars per annum, payable annually. Hendrick is to pay, also, all taxes assessed against said land. Said Hendrick also agrees to clear five acres adjoining the land now cleared. * * * Payment of rent to be made on November first in each year."

By the fair construction of this instrument, the defendant had four years from the 1st day of April, 1883, namely, until the 1st day of April, 1887, in which to perform his part of the agreement for the supposed omission to do which this action is brought. The defendant had paid the rent reserved, and had performed all of the obligations on his part save that he had not completed the clearing of the five acres in question on the 25th day of January, 1887, when this action was begun. Under these circumstances, no right of action accrued to the plaintiff for the failure to clear the woodland until after the expiration of the time contracted for; hence it follows that the action was prematurely brought, and the complaint was properly dismissed by the learned referee.

The judgment should, therefore, be affirmed.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed.